IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MALIK MEADORS,

      Plaintiff,

v.                                            1:25-cv-01142-JMR

PNM RESOURCES, INC.

      Defendant.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff, who is proceeding *pro se*, filed an Application to proceed *in forma pauperis*.  *See* Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed November 17, 2025.  The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).  "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . . ."  *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security

for the costs and still be able to provide himself and dependents with the necessities of life." *Id.*
at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying
Fees or Costs.  Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings
and provided the following information: (i) Plaintiff and his spouse's combined income amount
next month is $4,881.00; (ii) Plaintiff and his spouse's combined monthly expenses total
$7,383.44; (iii) Plaintiff and his spouse have $0.00 in cash and $193.00 in a bank account; (iv)
Plaintiff is unemployed; and (v) Plaintiff and his spouse have three minor children who rely on
them for support.  The Court finds that Plaintiff is unable to pay the costs of this proceeding
because he signed an affidavit stating he is unable to pay the costs of these proceedings, his and
his spouse's combined monthly expenses exceed their monthly income, and Plaintiff and his
spouse have three minor children who rely on them for support.

## Case Management

> Generally, *pro se* litigants are held to the same standards of professional
> responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become
> familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local
> Rules of the United States District Court for the District of New Mexico* (the "Local
> Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October
2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil
Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure
interferes with the judicial process and may result in monetary and non-monetary sanctions
including filing restrictions and dismissal of this case.  *See* FED. R. CIV. P. 41(b) ("If the plaintiff
fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss

the action"); *Gustafson v. Luke*, 696 F. App'x. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* FED. R. CIV. P. 11(c).

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed November 17, 2025, is **GRANTED.**

_____
**UNITED STATES MAGISTRATE JUDGE**